Peter R. Afrasiabi (Bar No. 193336)
pafrasiabi@onellp.com
**ONE LLP**
23 Corporate Plaza
Suite 150
Newport Beach, CA 92660
Telephone:   (949) 502-2870
Facsimile:   (949) 258-5081

*Attorneys for Plaintiff,*
*Washington Square Films, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| WASHINGTON SQUARE FILMS, INC., a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>DUTCHMAN FILM, INC., a New York corporation; and, ANDRE GAINES, an individual,<br><br>Defendants. | Case No. 2:25-cv-08481<br><br>**COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT;**<br>2) **FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT FOR BREACH OF CONTRACT AND FRAUD**

Washington Square Films, Inc. ("Washington Square Films" or "Plaintiff"), by and through its attorneys of record, complains against Dutchman Film, Inc. ("Dutchman Film"), and Andre Gaines ("Gaines") (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over the parties and the subject matter of the action pursuant to 28 U.S.C. § 1332(a). As alleged below, there is complete diversity of citizenship between Plaintiff and Defendants. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

2. This Court has personal jurisdiction over Defendants because they maintain a principal place of business in this District and the events giving rise to this action all arose in this District.

3. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California and F.R.C.P 4(k)(2). Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District, the Defendants may be found and transact business in this Judicial District, and the injury suffered by Plaintiff took place in this Judicial District.

## PARTIES

4. Washington Square Films is a domestic corporation organized and existing under the laws of the State of New York with its offices and principal place of business located at 310 Bowery #2, New York, NY 10012.

5. Dutchman Film is a domestic corporation organized and existing under the laws of the State of New York with its offices and principal place of business located at 179 Culver Blvd., Playa Del Rey, CA 90293.

6. Plaintiff is informed and believes and, upon such, alleges that Andre Gaines is an individual who regularly resides and transacts business in or near Los Angeles County, California.

**COMPLAINT FOR BREACH OF CONTRACT AND FRAUD**

## STATEMENT OF FACTS

7. Plaintiff and Defendants were parties to a Producer Services Agreement with an effective date of August 29, 2023 (the "Agreement). A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

8. Pursuant to the Agreement Plaintiff provided movie production services to Defendant for Defendants' film *The Dutchman*, a film adaptation of the Amiri Baraka 1964 play.

9. In consideration for the services provided by Plaintiff, Defendants were required to pay Plaintiff 3% of the approved budget of the film, which resulted in a total fee of $175,000. (*See*, Ex. 1, ¶ 1.d.)

10. Plaintiff's principals were friends with Defendant's principal, Jonathan Baker, the Producer on the project. Plaintiff had worked successfully with Baker on several projects in the past and had established a mutual level of trust with one another. It was held out by Gaines and Baker that Baker was authorized to make deals with all vendors including WSF. This is standard that the Producer has this authority, and so on the promise that the payment would be made, Plaintiff did the work without demanding the normal industry standard milestone payments for the production work.

11. During production, Plaintiff was informed by Defendants that one of the key financiers had backed out.

12. Plaintiff was told that replacement funding was pending, but in the event that the financing was not replaced, Gaines was "backstopping" the film and was guaranteeing that everyone would be paid. In August of 2024, Plaintiff was asked by Defendant to help produce an additional shoot to complete the film.

13. Gaines indicated he had raised, or was contributing $350K, for the new production. Plaintiff verbally agreed to provide production services at no additional cost to the project with the understanding that Plaintiff would be paid in full for all

**COMPLAINT FOR BREACH OF CONTRACT AND FRAUD**

1   services provided immediately after the shoot. But no payment was made after the
2   shoot was complete.
3       14.    Over the next several months Gaines promised over the phone, in
4   person and in writing that the money was forthcoming.  He listed several sources of
5   income but most notably he wrote that if the other sources didn't materialize he
6   would take a loan against one of his properties.  He then wrote that the loan was in
7   process.  He then wrote that he couldn't get the loan - because he couldn't get
8   approval from his family trusts. True and correct copies of these emails are attached
9   as **Exhibit 2 and 3.**
10      15.    Despite the claims of poverty and even that a bankruptcy may be
11  imminent, Defendant in August 2025 posted online that he had finished a three-year
12  build of his home and that everyone should continue the "party" on his behalf. A
13  true and correct copy of this is attached as **Exhibit 4**.
14      16.    In August 2025, Producer Baker informed Plaintiffs that a financier
15  Defendants had been pursuing came through with $250K to be invested in the
16  project. Nothing has been paid to Plaintiff, however.
17      17.    To date, Defendants have only paid Plaintiff a total of $25,000, which,
18  in addition to the $1,040 IATSE fee, leaves a total outstanding balance of $151,040,
19  which Defendants simply have failed and refused to pay.
20      18.    In the following months, Plaintiff attempted to make good faith efforts
21  to resolve the non-payment, and Defendants refused and failed to pay for the
22  services, and indeed even ceased responding to requests to address the serious
23  deficiency.
24      19.    Defendant Gaines directed and produced the film *The Dutchman* and
25  Defendants thereafter released *The Dutchman*, which premiered at South by
26  Southwest in March 2025, but Defendants have failed to pay for the requisite
27  productions services they secured for the film.
28

# FIRST CLAIM FOR RELIEF

### (Breach of Contract, Against All Defendants)

20. Plaintiff re-alleges and incorporates paragraphs 1 through 19 above as if fully set forth herein.

21. Plaintiff and Defendants entered a contract.

22. Plaintiff performed their contractual obligations.

23. Defendants failed to perform their contractual obligations.

24. Plaintiff has not excused Defendants' performance.

25. As a direct and proximate result of Defendants' breach of the Agreement, Plaintiff has suffered damages in the amount of at least $151,040, exclusive of interest, attorneys' fees and costs.

# SECOND CLAIM FOR RELIEF

### (Fraud—Intentional and Negligent Misrepresentations, Concealment and False Promises—Against All Defendants)

26. Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 19 above.

27. Defendants represented to Plaintiff that they would pay Plaintiff 3% of the approved budget of the film.

28. Defendants promised that the money would be paid and that thus industry standard milestone payments were not needed, and on that Plaintiff relied to provide services and work on a credit basis.

29. Defendants' representations were false, Defendants knew or should have known the representations were false when they made them, and intentionally or negligently failed to disclose the fact that they were intending to take the services without payment.

30. Defendants intended Plaintiff to rely on the representations and Defendants did not intend to perform the promises when made.

31. Plaintiff reasonably relied on the representations made by Defendants and therefore preformed its obligations under the Agreement and graciously agreed to extend credit given their close historical personal relationship. Had Defendants not misrepresented and concealed facts, Plaintiff would not have signed the Agreement without firm payments for delivery of work product.

32. Plaintiff has been harmed and Plaintiff's reliance on Defendants' representations and concealments was a substantial factor in causing Plaintiff's harm.

33. Plaintiff has thus been damaged in an amount to be proven at trial.

34. The misrepresentations, omissions, and concealments were made fraudulently, willfully and maliciously and entitle Plaintiff to an award of punitive and exemplary damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That the Court award Washington Square Films, Inc. compensatory damages against Dutchman Film, Inc. and Andre Gaines for all amounts due under the Agreement in the amount of at least $151,040;

2. That the Court enter orders granting appropriate provisional remedies, including a right to attach order and writ of attachment as to video streaming proceeds, domestic or foreign distributor monies, and other receivables of Defendant;

3. Damages for fraud;

4. Punitive damages for fraud;

5. That the Court award Washington Square Films, Inc. its reasonable attorneys' fees;

6. That the Court award Washington Square Films, Inc. its costs of suit herein incurred; and

7. Washington Square Films, Inc. be awarded any such other and further relief as the Court may deem just and appropriate.

Dated: September 8, 2025              **ONE LLP**

By: */s/ Peter R. Afrasiabi*
     Peter R. Afrasiabi

*Attorneys for Plaintiff,
Washington Square Films, Inc.*

7

**COMPLAINT FOR BREACH OF CONTRACT AND FRAUD**

# DEMAND FOR JURY TRIAL

Plaintiff Washington Square Films, Inc. hereby demands a trial by jury as to all claims and all issues properly triable thereby.

Dated: September 8, 2025            **ONE LLP**


                                    By: */s/ Peter R. Afrasiabi*
                                        Peter R. Afrasiabi

                                        *Attorneys for Plaintiff,*
                                        *Washington Square Films, Inc.*

**COMPLAINT FOR BREACH OF CONTRACT AND FRAUD**